UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL LYLES, | ) | CASE NO. 1:09 CV 1960 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ERIC SHINSEKI, SECRETARY, | ) | |
| DEPT. VETERANS AFFAIRS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is pro se plaintiff Michael Lyles's complaint against defendants Eric Shinseki, Secretary of the Department of Veterans Affairs, and the following employees at Louis Stokes Veterans Administration Medical Center: William Montague, Charles Franks, Mark Wallace, Charlotte Draganic and Lee Blockum. Mr. Lyles alleges the defendants retaliated against him for engaging in an activity protected by Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a).

*Background*

Mr. Lyles was hired by defendant VAMC in March 2000 as a telephone operator. Two years later, he complained to Equal Employment Opportunity Commission (E.E.O.C.) Counselor Lydia Ward Nash that his personal medical information was being accessed and discussed by co-workers. After meeting with Ms. Nash, he alleges supervisor Lee Blockum summoned him

to his office. There, Mr. Blockum allegedly "went off" on plaintiff in response to his conversation with Ms. Nash. Later, Mr. Lyles filed a formal complaint of harassment and hostile work environment against his employer. Ms. Ward also reported Mr. Blockum's behavior during the course of her E.E.O.C. investigation. During that same time period, Mr. Blockum wrote up Mr. Lyles on what plaintiff believes were fabricated charges. Plaintiff remained in the telephone unit until February 2004, when he transferred to housekeeping to "get away from Mr. Blockum."

Plaintiff began applying for several other telephone operator positions because his salary in housekeeping was at a lower hourly rate. His attempts continued until 2007 when he received an anonymous envelope in the mail. The letter contained a copy of an electronic message from Human Resources Specialist Charlotte Draganic to Acting Chief of Human Resources Charles Franks. The messages read: "Per a message from you dated 3/19/07 regarding former employee Michael Lyles, Mr Lyles applied for the Telephone Operator position via DEU and his name was forwarded to the selecting official on a Certificate of Eligibles. I believe Lee Blockum is the selecting official. The message from you requested notification if Mr. Lyles is under active consideration."(Compl. at 2.) The subject line read: "Do Not Hire."

Mr. Lyles asserts the office of human resources actively retaliated against him by conspiring to bar him from future employment with the VAMC, without regarding the fact he was qualified. He notes Ms. Draganic was alerted to notify Mr. Franks only if plaintiff was "under active consideration" and feels this clearly demonstrates a desire to thwart his efforts to return to a position for which he was well qualified. At that point, plaintiff began to exhaust his administrative remedies all the way through the Department of Veterans Affairs, Office of Employment Discrimination Complaint Adjudication. A Final Agency Decision was issued on May 20, 2009. Mr. Lyles timely

filed in this court. 42 U.S.C. § 2000e

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, the individual defendants named in the complaint are dismissed pursuant to section 1915(e).

*Proper Defendant - Federal Employment*

Title VII prohibits discrimination in employment on the basis of race, color, religion, sex and national origin. See 42 U.S.C. § 2000e-2. While Mr. Lyles has properly named Secretary Shinseki as the defendant in this action, 42 U.S.C.§ 2000e-16(c), the remaining defendants cannot be sued individually under Title VII.

The Sixth Circuit, along with a majority of circuit courts, has held that an employee/supervisor, who does not otherwise qualify as an "employer," cannot be held individually liable under Title VII. See Wathen v. General Elec. Co., 115 F.3d 400, 404 (6th Cir.1997);Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir.1995) (holding that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII"); E.E.O.C. v. AIC Security Investigations, Ltd., 55 F.3d 1276, 1282 (7th Cir.1995) (holding that "individuals who do not otherwise meet the statutory definition of 'employer' cannot be held liable under the ADA"); Lenhardt v. Basic Institute of Tech. Inc., 55 F.3d 377, 381 (8th Cir.1995) (finding that

supervisors and managers are not subject to individual liability); Gary v. Long, 59 F.3d 1391, 1399 (D.C.Cir.), cert. denied, (1995) (holding that Title VII does not impose individual liability on supervisory employees); Smith v. Lomax, 45 F.3d 402, 403 (11th Cir.1995) (recognizing that employees cannot be held liable under the ADEA or Title VII); Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir.1994) (holding that Title VII does not permit imposition of liability upon an individual unless they meet Title VII's definition of employer); Miller v. Maxwell's Intern. Inc., 991 F.2d 583, 588 (9th Cir.1993) (holding that individuals cannot be held liable for damages under Title VII and ADEA). Under these circumstances, Mr. Lyles's Title VII complaint cannot name the following individuals as party defendants in this action and they are dismissed: William Montague, Charles Franks, Mark Wallace, Charlotte Draganic and Lee Blockum. The merit of plaintiff's Title VII retaliation claim is not subject to summary dismissal at this time.

### *Service*

Based on the foregoing, William Montague, Charles Franks, Mark Wallace, Charlotte Draganic and Lee Blockum are **dismissed** as party defendants in this action. The court certifies that an appeal from this dismissal could not be taken in good faith. Mr. Lyles's claims that he was discriminated against in retaliation for exercising a protected right, however, shall proceed against Secretary Shinseki. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. The Clerk's Office shall include a copy of this order in the documents to be served upon the defendant.

Dated: October 13, 2009                       *s/    James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE